UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| HARRISON LYNN COLWELL, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:16-cv-00049 |
| B & B FINANCIAL SERVICES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, HARRISON LYNN COLWELL ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC ("CLP"), complaining of B & B FINANCIAL SERVICES, INC. ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") for Defendant's unlawful collection practices.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

1

## PARTIES

4. Plaintiff is a 46 year old natural person residing at 5305 North Meridian Road, Austin, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. Plaintiff suffers from a variety of physical and mental issues including: scoliosis, degenerative disk disease, diabetes, neuropathy, head trauma, anxiety, and depression.  Due to his various conditions, Plaintiff is unable to work and is currently in the process of applying for disability income through the Social Security Administration.

7. Defendant is in the business of collecting delinquent consumer debts on behalf of its clients.  From its headquarters at 2313 Willow Reed Road, La Grange, Kentucky, Defendant acts as a debt collector in multiple states, including Indiana.

8. Defendant is a Kentucky corporation that is registered with the Indiana Secretary of State bearing control number 2005110700269.

9. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. On its correspondences, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 2004.[1]

## FACTS SUPPORTING CAUSES OF ACTION

11. Due to his vast array of health problems, Plaintiff has incurred a large amount of medical debts owed to various healthcare providers that he has not been able to satisfy.  As a result, he receives numerous calls and correspondences from various parties seeking payment on

---

[1] http://www.acainternational.org/memberdirectory.aspx

different medical debts.  *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

12.   Upon information and belief, many of Plaintiff's medical providers have turned the collection of their debts over various third-party collection agencies.  Defendant is one of these collection agencies.  *Id.*

13.   On March 25, 2016, Plaintiff received a call from (502) 222-5553.  Upon answering the call, Plaintiff spoke with a woman who identified herself as Angie.  *Id.*

14.   During the call, Defendant sought payment of $754.00 ("subject consumer debt").  *Id*

15.   Plaintiff told Angie that he was still in the process of applying for disability.[2]  *Id.*

16.   Shortly after receiving the call from Defendant, Plaintiff call it back seeking additional information and clarification about the subject consumer debt.  *Id.*

17.   Defendant disconnected Plaintiff's call twice before finally speaking with him on the third attempt.  *Id.*

18.   Plaintiff was again connected with Angie and provided her with his name.  *Id.*

19.   During this call, Angie stated to Plaintiff that he owed, "$754.00 for the emergency room doctors that treated you."  *Id.*

20.   Angie did not provide any specifics as to what emergency room the subject consumer debt came from or which doctors treated Plaintiff.  *Id.*

21.   At no point during any of the calls on March 25, 2016 did Defendant inform Plaintiff that it was a debt collector.  Similarly, it never advised Plaintiff during the calls that any information he gave would be used for the purpose of debt collection.

---

[2] Plaintiff believes he has advised Defendant several other times that he was not working and was applying for disability income through the Social Security Administration.

22. Defendant has failed to provide Plaintiff with the above disclosures during prior conversations.

23. Upon information and belief, Defendant routinely fails to provide the above disclosures to other consumers during its telephonic debt collection activity.

24. Confused over Defendant's relationship with the subject consumer debt and ability to collect payment, Plaintiff spoke with CLP regarding his rights.

25. Plaintiff has incurred costs and expenses consulting with his attorneys as a result of Defendant's collection actions.

26. Plaintiff has suffered financial loss as a result of Defendant's collection actions.

27. Plaintiff has been misled by Defendant's collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer; (11) The failure to disclose in the initial communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e, e(10) and e(11).

30. Defendant violated 15 U.S.C. §§1692e, e(10), e(11), and f during the March 25, 2016 calls with Plaintiff. As Plaintiff's affidavit attests, Defendant did not advise him that it was acting in the capacity of a debt collector with regards to the subject consumer debt. Additionally, Defendant neglected to disclose that any information it gained during the call would be used for the purpose of collecting on the subject consumer debt. These disclosure are mandated by the FDCPA in all communications between debt collectors and consumers.

31. Because of his health problems, Plaintiff is regularly contacted by multiple parties seeking payment on different medical debts. These parties include both original creditors as well as third-party agencies. The numerous contacts, combined with his mental state, make it very difficult for Plaintiff to fully comprehend the exact identity of the party he is speaking to without be properly advised. By failing to disclose its identity as a debt collector, Defendant contributed to Plaintiff's confusion.

32. As an experience and sophisticated debt collector, Defendant knows that it is required to make the above disclosures. Plaintiff asserts that Defendant routinely ignores these disclosures during its telephonic debt collection practices. Defendant gains an unfair advantage by failing to fully advise of its status as a debt collector as consumers are more likely to pay an original creditor than a third-party. Additionally, by failing to disclose to Plaintiff the specific nature of the subject consumer debt, Defendant sought to mislead him.

33. Defendant's communications with Plaintiff were misleading and sought to gain an unfair advantage over him. Plaintiff disclosed sensitive information to Defendant without being properly advised that the information could be used against him in pursuit of the subject consumer debts.

34.   As plead in paragraphs 24 through 27, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal collection actions.

WHEREFORE, Plaintiff, HARRISON LYNN COLWELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 27, 2016                           Respectfully Submitted,

                                                s/ Nathan C. Volheim
                                                Nathan C. Volheim, Esq. #6302103
                                                David S. Klain, Esq. #66305
                                                Counsel for Plaintiff
                                                Admitted in the Southern District of Indiana
                                                Consumer Law Partners, LLC
                                                435 N. Michigan Ave., Suite 1609
                                                Chicago, Illinois 60611
                                                (267) 422-1000 (phone)
                                                (267) 422-2000 (fax)
                                                nate.v@consumerlawpartners.com
                                                davidklain@aol.com